Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff PERLA MAGENO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLA MAGENO, an individual,<br><br>          Plaintiff,<br><br>v.<br><br><br>LEVITY ENTERTAINMENT GROUP, INC., a California corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 2:19-cv-06408-JAK-JPR<br><br>Hon. John A. Kronstadt<br><br>**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br> [Concurrently filed with Declaration, [Proposed] Order]<br><br>Complaint filed:  June 24, 2019<br>Removed:  July 26, 2019<br><br>Date: December 9, 2019<br>Time: 8:30 A.M.<br>Ctrm: 10B |

PLEASE TAKE NOTICE that on December 9, 2019 in Courtroom 10B of the United States District Court, Central District, located at First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012, before the Honorable John A. Kronstadt, United States District Judge, Plaintiff Perla Mageno ("Plaintiff") will

and hereby does move to remand this action to the Superior Court of California for the County of Los Angeles.

Plaintiff moves to remand this action on the ground that the action does not arise under the laws of the United States and the action is not otherwise within the removal jurisdiction of this Court.  28 U.S.C. §§ 1331, 1441(a). Plaintiff also seeks payment of her attorney's fees in the amount of $2,325, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

This motion is made pursuant to 28 U.S.C. § 1447(c). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration, the pleadings and papers on file in this action, and on such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the meet and confer with Counsel for Defendant on August 13, 2019.


Dated: August 23, 2019              **MANNING LAW, APC**


By: */s/ Joseph R. Manning Jr., Esq.*
    Joseph R. Manning Jr., Esq.
    Attorneys for Plaintiff

## MEMORANDUM OF POINTS & AUTHORITIES

### I.  INTRODUCTION

Plaintiff Perla Mageno ("Plaintiff") filed this action in the Superior Court of California, and in her complaint asserted one cause of action against Defendant Levity Entertainment Group, Inc. ("Defendant") for its violation of California's Unruh Civil Rights Act ("Unruh Act").  Therein Plaintiff sought no compensatory or actual damages, but only statutory damages, a declaratory judgment, attorneys' fees and costs, and injunctive relief pursuant to the Unruh Act.

Defendant failed to establish that this action arises under the laws of the United States, the action is not otherwise within the removal jurisdiction of this Court, and Defendant does not claim there is any other basis for removal.  28 U.S.C. §§ 1331, 1441(a).  Defendant attempts to argue that Plaintiff has filed a civil rights action (28 U.S.C. § 1443) and that Plaintiff's claims arise under the laws of the United States. Notice of Removal, ¶¶ 3-4. However, Plaintiff has specifically sought relief under the Unruh Act and no other, and according to controlling 9th Circuit precedent, "there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law." (*Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002). As such, and for the reasons further discussed herein, Defendant improperly removed this action.

### II.  ARGUMENT

### A.  Applicable Law

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013 (*quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994))). "The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . which is **strictly construed *against* removal.**" *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added). "The

strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks removed). The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

### B.   This Action Is Not Properly Removable Under 28 U.S.C. § 1331

Federal question jurisdiction only exists where "1) federal law creates the cause of action; 2) under the artful pleading doctrine, the plaintiff's state law claims should be recharacterized as federal claims; or 3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question." (*Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir.1996)). Here, Defendant contends that Plaintiff's cause of action consists of a civil rights action that arises under the ADA, and that the instant action thus is removable. (Notice of Removal, ¶¶ 3-4).

Defendant does not, and indeed cannot, dispute that Plaintiff did not plead any federal causes of action. Instead, Plaintiff alleged *one* cause of action based on California law. It is true, as Plaintiff acknowledges in her Complaint, that a violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f). However, removal remains "improper where a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim." (*Jackson v. Yoshinoya America Inc.*, No. CV 12-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (emphasis in original) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure, § 3722 (4th ed. 2012))). The federal question must be a necessary *element* of the state law claim before federal jurisdiction exists. (*Yoshinoya America Inc., supra*, 2013 WL 865596, at *2 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("some substantial,

disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims")")).

**"*Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims*."** (*Yoshinoya America Inc.*, *supra*, 2013 WL 865596, at \*2 (emphasis added) (referencing *Wander v. Kaus, supra,* 204 F.3d at 859) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim"); *Pickern v. Best Western Tiber Cove Lodge Marina Resort,* 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction"); and *Jairath v. Dyer,* 154 F.3d 1280, 1281 (11th Cir.1998) (holding that a claim arising under a Georgia state law that incorporated the ADA did not confer federal jurisdiction))).

Indeed, the Ninth Circuit has offered binding authority directly on this point. In *Wander v. Kaus, supra*, the Ninth Circuit explicitly held that "***there is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.*** To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." (304 F.3d at 857 (emphasis added); *see also Pickern v. Stanton's Restaurant & Woodsman*, No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002) (holding that allegations of ADA violations as an element of a state claim for damages were insufficient to support federal question jurisdiction)).

Defendant wholly failed to address the *Wander* decision in its removal papers; indeed, it did not even reference this binding authority. Similarly, Defendant failed

to address the recent decision in the *Yoshinoya America Inc.* action. In *Yoshinoya America Inc.*, the wheelchair-bound plaintiff alleged two causes of action, one for violation of Title 24 of the California Building Code and the other for violations of California Civil Code §§ 54, 54.1, and the second for violation of California's Unruh Civil Rights Act based on the alleged barriers preventing the plaintiff's accessibility upon the defendant's premises, and sought both statutory damages and injunctive relief pursuant thereto.

There, the defendant attempted to remove the plaintiff's action on the grounds that plaintiff's case arose under the ADA and that the Plaintiff's request for injunctive relief made the action removable. The district court granted remand for the same reasons the Court should remand this action; namely, because "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." (*Yoshinoya America Inc., supra,* 2013 WL 865596, at \*2 (quoting *Wander, supra,* 304 F.3d at 859)). Again: "The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction." (*Pickern v. Best Western, supra,* 194 F.Supp.2d at 1131).

In its removal papers, Defendant ignores all of this authority and simply states that "it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.* (Complaint ¶¶ 8, 11, 23, & 24)." (Notice of Removal, ¶ 4). For all of the reasons set forth above, the fact that Plaintiff acknowledges that ADA violations are likewise Unruh Act violations do not make Plaintiff's claim removable.

//

//

//

**C.    Because the Removal of This Action Was Not Objectively Reasonable, Plaintiff Should Be Awarded Her Attorney's Fees Incurred As A Result of the Removal**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of her attorney's fees incurred as a result of the improper removal of her action, which was not objectively reasonable. Counsel for Defendant has improperly removed Unruh Act cases in the past[1] and has once again deliberately ignored the Ninth Circuit's binding precedent in *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002) which was decided more than a decade ago.  Counsel for Defendant has also ignored the related authority set forth above. Plaintiff respectfully requests that the Court order Defendant to pay $2,325 in attorney's fees, which were directly related to the preparation of the instant motion. It is anticipated that additional fees and costs will be incurred in replying to Defendant's opposition hereto, if any, and at the hearing of this Motion.

**III.    CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of Los Angeles, award her attorneys fees in the amount of $2,325, and grant such further and other relief as the Court deems appropriate (*See* Dec. of Joseph R. Manning, Jr.).

Dated: August 23, 2019          **MANNING LAW, APC**


By: */s/ Joseph R. Manning Jr., Esq.*
          Joseph R. Manning Jr., Esq.
          Attorneys for Plaintiff

---

[1] The Court in *Blanca Ortiz, et al. v. American Florists' Exchange, Ltd., et al.* set an Order to Show Cause re Sanctions for this Counsel for Defendant in its Order remanding that action (entered September 22, 2015, No. 15-CV-06251 DSF (C.D.Cal.). The Court specifically relied on *Wander v. Kaus* in its Order. The Order is attached as Exhibit A.